## ROSALY v. GRAHAM.

### APPEAL from the District Court of Ponce.

No. 434.—Decided March 11, 1908.

ACTION TO RECOVER REAL PROPERTY—PLAINTIFF'S TITLE—EVIDENCE—DEFENDANT'S TITLE.—In an action for the recovery of real property, it is obligatory on the plaintiff to prove his title, and if he fails so to do it is unnecessary to inquire into the defendant's title.

ID.—PLAINTIFF'S TITLE—ACTION TO RECOVER A SHARE IN PROPERTY CONTRIBUTED TO THE CAPITAL OF A COMMERCIAL FIRM—ABSENCE OF EVIDENCE OF LIQUIDATION OF A FIRM.—Where a plaintiff seeks to recover, under title of ownership, a particular share in real property, which, according to the evidence introduced at the trial, was acquired by virtue of an award in the adjudication of hereditary rights, and the value thereof contributed to the capital of a commercial firm, such coownership is subject to the result of the final liquidation of the firm, and it having been neither alleged nor proved that such liquidation was made, it is clear that the first and fundamental ground of the complaint in this case was not proved.

ADMISSION OF EVIDENCE—RECORDED PARTNERSHIP CONTRACTS—THIRD PARTIES.—In accordance with the provisions of section 28 of the Code of Commerce of 1829, partnership contracts not entered in the General Commercial Registry were effectual in favor of an interested third party who had contracted with the partnership.

ID.—TESTAMENT—ADMISSION IN EVIDENCE BEFORE THE DEATH OF A TESTATOR.—Although a testament is not effectual until after the death of the testator, this fact could not prevent the introduction in evidence of a will executed by the plaintiff to refute statements made by him in his complaint.

INTRODUCTION OF EVIDENCE—TRIAL—DISCRETION OF JUDGE.—In this case, after the witnesses of both parties were examined, the judge allowed two witnesses introduced by the defendant to testify, and in turn permitted the opposite party to introduce further evidence, if he thought proper. *Held:* That al-

though this is not the ordinary procedure to be followed in holding trials, in adopting it in this case, the trial judge exercised his discretion and undoubtedly considered the attendant circumstances, and it would be necessary to show an abuse of his discretion, or that he had disregarded some substantial right of the plaintiff, before the judgment would be reversed on that ground.

AFFIRMATION OF JUDGMENT—GROUNDS UPON WHICH THE OPINION OF TRIAL JUDGE IS BASED.—It is not necessary to set forth the grounds upon which the trial judge bases his opinion, because even where such grounds are not set forth, the judgment will be affirmed if it is supported by the allegations and the evidence, and by the facts and the law.

The facts are stated in the opinion.

*Messrs. José A. Poventud and H. P. Leake* for appellant.

*Messrs. José Tous Soto and Francisco Parra Capó* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff and appellant in this case, Marcelina Rosaly, the widow of Rabainne, filed a complaint in the District Court of Ponce against Robert Graham y Fraser, involving a claim to an interest in the ownership of real property, the annulment of proceedings to establish possession and its conversion into ownership, the alienation of an estate held in common and recovery of damages, alleging the following facts:

"1. That she is the owner and has always held in full ownership an undivided interest represented by the sum of $6,253.67 in the full value of $27,443.67, given in the division and partition of the Estate of Mateo Rabainne and Luis Rabainne y Franco protocoled in this city before Notary Francisco Parra on January 28, 1870, to the following urban estate: A frame house with an upper and lower floor, roofed with shingles, standing on a well-fenced lot, the same having other constructions thereon, such as a house or warehouse of masonry, with a foundry, one of wood for servants, a storehouse, a tool house and other dependencies, appurtenances and appliances on said lot, belonging to an establishment designed for ironworks, all situated in ward one of this town, fronting Marina Street, which bounds it on the east, while on the west it is bounded by Concordia Street, on the south by another street leading to Marina Road, and on the north by property belonging to Alejandro Bono and Belén Aponte.

"2. That on August 15, 1880, the then firm of Graham & Co. of which the defendant was the manager, leased said estate of the plaintiff and other coowners of said real property for a term of four years, since which date the defendant has occupied and continues to occupy said estate with respect to the said interest of the plaintiff, first in the name of Graham & Co. and subsequently and at the present time in his sole name.

"3. That the interest of the plaintiff mentioned in the first statement of fact has at the present a value of $20,000.

"4. That the defendant having acquired some of the undivided interests in the said estate, excepting that of the plaintiff, on April 26, 1894, applied to the former court of first instance of this city, alleging that he was the owner of the entire estate, for the purpose of establishing in a fraudulent and unlawful manner and with the decided purpose of depriving the plaintiff of her rights, the possession which he alleged to have thereof, and the said court approved said petition to establish possession on May 21, 1894, the same being recorded in the registry of property of this district at folio 150 of book 78 of this municipality, estate No. 3403, first record, under the following description (the estate is described) ; which record of possession was converted into a record of ownership in May, 1902, said record being an obstacle which prevents the record of the interest above referred to, belonging to the plaintiff. This estate and that described in the first statement of facts of the complaint are one and the same estate, and it is made a matter of record that the masonry warehouse referred to in this statement was built with the private funds of the plaintiff and before the defendant acquired the undivided shares above-mentioned.

"5. That the defendant, at the time of instituting said proceedings to establish possession had, and knew he had, written (recordable) titles of ownership of the shares he had acquired, as stated in the preceding paragraph, which titles it was easy for him to obtain as they were within his reach.

"6. That the defendant, with respect to the rights of the plaintiff, never possessed the entire estate under a just title and in good faith.

"7. That the value of the rents and income and benefit from the said share of the plaintiff from August 15, 1880, to August 15, 1908, is the sum of $15,000, which rents said plaintiff has not yet received."

The material portion of the answer of the defendant is the following:

"1. We deny the correlative allegation of the complaint.

"2. We deny the correlative allegation of this complaint; and in lieu thereof we allege that the lease referred to was entered into by the Successors of M. Rabainne é Hijos, an industrial firm of this city, consisting of Marcelina Rosaly, in her own right and as the guardian *ad bona* of her daughter, Luisa Rabainne, Hortensia Rabainne, and Jacobo López, on behalf of his children, at the date mentioned in said complaint.

"3. We deny that the plaintiff has any interest whatsoever in the real property which is the subject of this complaint.

"4. We deny the correlative allegation of the complaint.

"5. We deny the fifth allegation of the complaint.

"6. We deny the sixth allegation of the complaint.

"7. We likewise deny that bearing this number."

The trial having been had, the district court held that there was an absolute lack of evidence for the plaintiff, and consequently rendered judgment on April 26, 1909, dismissing the complaint.

And it is from said judgment that this appeal was taken.

The first question to be considered and decided is the following: Did the plaintiff prove her title? She alleged, as we have transcribed, that she owned, and always had owned, in full ownership, an undivided interest represented by the sum of $6,253.67 in a total value of $27,443.67 given in the division and partition of the Estate of Mateo and Luis Rabainne, to the property of which it consisted. The defendant denied the allegation. And the evidence shows the following:

As a matter of fact, from the proceedings relating to the testate estates of Mateo and Luis Rabainne, certified by a notary public and protocoled on January 28, 1870, it appears that the said Mateo and Luis Rabainne died, respectively, on April 23, 1868, and on April 8, 1869; that the former left as heirs, his widow, Bernardina Franco, and his children: Luis, represented by his daughter, Luisa Rabainne y Rosaly; Ramona, represented by her children, Jacobo, Ofelia and Herminia López y Rabainne; Josefa and Hortensia; and the latter, his said daughter, Luisa and his widow, Marcelina Rosaly, the plaintiff; that, upon their death, his estate consisted

of their interests in the firm of Rabainne é Hijos; that said
firm was liquidated by deed of January 19, 1870, executed by
the heirs and representatives of both deceased; that among
the property of said firm was included the house and lot re-
ferred to in this action, valued at $9,108, and steam engines,
etc., valued at $18,336.67, both items making a total of $27,-
443.67 of which $18,000 pertained to the estate of Mateo, and
$9,443.67 to that of Luis; and that the estate of Luis was
distributed as follows: To his widow, Marcelina Rosaly, the
plaintiff, $6,253.67, in partial payment of her marriage con-
tribution amounting to $19,030.39, and her half of the acquets
and gains, and to his daughter Luisa, $3,190.

But the evidence shows that although all this may be true,
the plaintiff contributed the capital which had been awarded
to her to the copartnership which, under the firm name of
M. Rabainne é Hijo, she constituted in conjunction with Ber-
nardina Franco, the widow of Rabainne and Jacobo López, by
public instrument executed on February 8, 1870. This firm,
which was to engage in the same business as the former firm
of M. Rabainne é Hijo, composed of M. Rabainne é Hijo, com-
posed of Mateo and Luis, was extended by public instrument
of April 22, 1873 and July 7, 1875, and no evidence has been
presented that it has been duly and finally liquidated, there
being indications that it continued, perhaps in an irregular
manner, for a number of years longer.

The plaintiff claims as the owner of a specific interest and
the evidence shows that she contributed such interest to a
commercial firm, since which time it was subject to the for-
tunes of the firm. And the evidence further shows that upon
a balance of said firm having been made on November 30,
1875, the contribution of the plaintiff was found to have be-
come reduced to $2,478.52, as it appears from instrument of
the division and partition of the property left at her death
by Bernardina Franco, the widow of Rabainne, executed be-
fore a notary public on May 6, 1876, by the plaintiff herself
and other persons, and that there are indications that some

years later the plaintiff was the debtor of the firm, as apparently shown by the books thereof.

This being the case, it is very evident that the first and fundamental allegation of fact of the complaint in this case was not established, and, therefore, that the judgment rendered by the district court is just and proper.

If the plaintiff has any right to the property which she claims, such right will appear from the final liquidation of the firm, and such final liquidation was neither proved nor alleged in the action.

This point having been decided it is not necessary to consider the questions so ably presented by the distinguished attorneys for the plaintiff with regard to the title of the defendant. But we must consider their exceptions contained in a bill which was transmitted to this Supreme Court for the purposes of the appeal, duly approved and certified to. These exceptions number 29 but may be studied in seven groups.

The first and second thereof refer to the objection of the plaintiff to the defendant answering the questions as to whether he had ever paid any rental to Marcelina Rosaly, and to whom he paid the rental, on the ground that the document presented by said plaintiff showed that she had leased to the defendant in her own right and that the defendant was estopped from denying his own acts, citing 101 of the act regulating the introduction of evidence in support of her contention. An examination of said document does not show that the plaintiff alone leased the estate in question in 1880 to the defendant, but that in any event there were a number of persons who were sometimes designated as the "Succession of M. Rabainne é Hijo," an industrial firm of this city, composed of the following persons: Marcelina Rosaly, the widow of Luis Rabainne, in her own right and as the guardian *ad bona* confirmed by the court in due form, of her legitimate daughter, Luisa Rabainne, had of her said marriage; Hortensia Rabainne, etc.; and other times as the "Sucessors of Rabainne é Hijo." Furthermore, when these questions were asked, the

defendant had already presented evidence to the effect that the plaintiff had contributed the interest she claimed to a commercial firm; and taking these facts into consideration we are of the opinion that the trial court did not commit any error in permitting the questions to be propounded and in ruling that the answers should stand upon the record.

Exceptions 3, 4, 5, 6, 9, 10, 12 and 17, relate to the objection made by the plaintiff to any evidence whatsoever tending to show the existence of the firm of M. Rabainne é Hijo. We have carefully considered all the questions alleged in support of such objection and we are of the opinion that there is no legal basis therefor at all. Such evidence was relevant, not to prove the right of the defendant, but to show that the fundamental allegation of the plaintiff to the effect that she he'd the interest to it in full ownership, was not true. The terms of the contract of lease to which we have referred, examined by themselves and in relation with the other evidence, cannot have the scope which the plaintiff wishes to give to them. Although said lease contract contains the words "in her own right" with reference to the plaintiff, it does not determine nor fix such right, and the other evidence tends to show that the defendant paid the lease specified in the contract in full without any part of such lease pertaining to the plaintiff in her own right and without the plaintiff claiming anything and confining herself to receiving the part due her daughter. Furthermore, the fact that the partnership contracts presented as evidence were not recorded in the general commercial registry, does not prevent a third person availing himself thereof. In support of this, see article 28 of the Code of Commerce of 1829, invoked by the plaintiff herself. In our opinion the trial court did not commit the errors imputed to it in permitting the defendant to establish the existence and the acts of a firm to which the plaintiff contributed the capital which she claims in this action.

Nor did the district court commit any error whatsoever

in allowing the testimony of witness, Dorrington, with respect to the examination of the books of M. Rabainne é Hijo, exceptions 7 and 8. Said books were relevant, taking into consideration what we have stated, and although they constituted the best evidence, in view of the objection of the plaintiff, it should have been first shown that they could not be introduced as evidence; it is true that the interrogatory was admitted provisionally and that afterwards the disappearance thereof was shown, and, therefore, the impossibility of producing them.

Exception 11 is based on the allegation that the district court erred in admitting as evidence the will executed by the plaintiff on January 29, 1890, inasmuch as wills are not efficient nor do they have any effect until after the death of the testator. This is true, but in this case the will of the plaintiff was presented only to show that she who had alleged in her complaint that she owned a clear, defined, specific right, the exact portion of a fixed capital, taking as a basis the partition and division of the estate of Mateo and Luis Rabainne, had stated in her will that the property she possessed appeared in the books of the former firm of Rabainne é Hijo, the ascertainment of which her daughter Luisa and her executors would undertake in due time. In this respect the will was admissible as evidence, especially when the party who made it was present and could explain the scope of its provisions.

Exceptions 13, 14 and 15 refer to acts of the defendant which it is not necessary to investigate inasmuch as, having stated that the plaintiff had not established her right, it is unnecessary to investigate and discuss the right of the defendant.

In exception 18 it is alleged that the trial court erred in admitting the testimony of certain other witnesses after the expiration of the probatory term. It appears that the witnesses for both sides having been heard, the judge allowed two more presented by the defendant to testify and permit-

ting the adverse party her turn to present additional evidence later, if she should deem it advisable. Although this is not the ordinary course in the holding of a trial, in adopting it in this case the judge exercised his discretionary power, no doubt weighing the attendant circumstances, and it would be necessary to show that the judge had taken undue advantage of such power of discretion and that some material right of the plaintiff had been impaired, in order to reverse the judgment appealed from on this ground.

And, finally, exception 19 reads as follows:

"The inferior court committed a grave error in rendering the judgment appealed from in this case (transcript pp. 7 and 8), because in the opinion (transcript p. 6), which served as basis for this judgment, said lower court arrives at certain findings of facts which are not supported in any way by the evidence presented and which are absolutely contrary to the law and the jurisprudence applicable to this litigation."

If this Supreme Court arrives at the conclusion that a judgment is just and proper, it is not necessary to refer to the grounds which the trial judge may have embodied in his opinion; because, even though such grounds were not well taken, the affirmation of the judgment would be proper if it were, as it is in this case, supported by the allegations and the evidence, the facts and the law.

The appeal should be dismissed and the judgment affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.